**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------X
NANCY APONTE and ANGELO GABRIEL ALVES MARQUES,

                        Plaintiffs,

-against-

CLINTON STREET PIZZA INC. d/b/a RIZZO'S FINE PIZZA, FRANCESCO TAORMINA *individually*, AMEDEO ORLANDO *individually*, and ALEXANDER LYUDMIR *individually*

                        Defendants.
------------------------------------------------X

**COMPLAINT**

Case No.: _____

PLAINTIFF DEMANDS A TRIAL BY JURY

Plaintiffs, Nancy Aponte and Angelo Gabriel Alves Marques, by their attorney, The Rose Law Group, PLLC, upon information and belief, complain as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action against Defendants pursuant to the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* ("FLSA"), and the New York State Labor Law, Articles 6 & 19 ("NYLL") for failure to pay wages due and owed for hours employees were required to report to work, ready to perform work and actually performed work duties, and seeks to recover unpaid back wages, unpaid tips, unpaid overtime, an additional amount as liquidated damages to redress the injuries they suffered as a result of these violations of the law. Plaintiffs also seek reasonable attorneys' fees and costs.

2. Plaintiffs also claim that they were not provided the proper notices and statements under New York Labor Law §§ 190 *et seq*.

3. Plaintiff Aponte also complains pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. §§ 2000e to 2000e-17 (amended in 1972, 1978 and by the Civil Rights Act of 1991, Pub. L. No. 102-166) ("Title VII") and the New York City Human Rights Law, ("NYCHRL") seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being sexually harassed, harassed, discriminated

against and retaliated against on the basis of her **gender** and **objection to and complaints about sexual harassment**.

4. Plaintiff Marques also complains pursuant to the NYCHRL seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against and retaliated against on the basis of his sexual orientation and objection to and complaints about harassment.

## JURISDICTION AND VENUE

5. Jurisdiction of this action is conferred upon the Court by 29 U.S.C. §216(b) and 42 U.S.C. §§ 2000e to 2000e-17. Jurisdiction of this Court is also proper under 42 U.S.C. §12101 et. seq.; 29 U.S.C. §2617.

6. Supplemental Jurisdiction is proper over the State law claims pursuant to 28 U.S. Code § 1367.

7. Venue is proper in this district based upon Defendants' residency within Queens County, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b).

## PROCEDURAL PREREQUISITES

8. Plaintiff Aponte filed charges of discrimination upon which this Complaint is based with the Equal Employment Opportunities Commission ("EEOC").

9. Plaintiffs Aponte's charge has pended for more than 180 days and she has requested a Right to Sue letter.

## PARTIES

10. That at all times relevant hereto, Plaintiffs Nancy Aponte ("Aponte"), and Angelo Gabriel Alves Marques ("Marques") (together referred to herein as "Plaintiffs") were employed within New York County, New York.

11. Plaintiffs were, during all relevant times, employees of all Defendants.

12. That at all times relevant hereto, Defendant Clinton Street Pizza Inc. d/b/a Rizzo's Fine Pizza ("Rizzo's") was and is a Domestic Business Corporation doing business within and authorized by the State of New York.

13. That at all times relevant hereto, Defendant Rizzo's does business in the State of New York as a restaurant located at 17 Clinton Street, New York, New York 10002.

14. That at all times relevant hereto, Defendant Amedeo Orlando ("Orlando"), Defendant Francesco Taormina ("Taormina") and Defendant Alexander Lyudmir ("Lydumir") are owners of Defendant Rizzo's.

15. That at all times relevant hereto, Defendant Orlando, Defendant Taormina and Defendant Lydumir were Plaintiffs' supervisors and/or had supervisory authority over Plaintiffs.

16. Defendant Rizzo's, Defendant Orlando, Defendant Taormina and Defendant Lyudmir are referred to herein as "Defendants."

## MATERIAL FACTS

17. Plaintiff Aponte was hired by Defendants in or around June of 2014 as a server.

18. Plaintiff Aponte's work tasks as a waitress were take orders and payment from customers, wait tables, attend the bar, clean before and after her shifts, organize wines and glasses, set tables, bus tables, and perform other work necessary to ensure the operation of the restaurant.

19. Throughout Plaintiff Aponte's employment, her work product was excellent.

20. Plaintiff Aponte was scheduled to work at least four (4) shifts each week.

21. Plaintiff Aponte worked on average thirty-six (36) hours each week but was only paid $5.00 an hour.

22. Plaintiff Aponte worked from 4:00 pm to 11:00 pm on Wednesdays and Thursdays and on Fridays and Saturdays from 3:00 pm to 2:00 am.

23. Plaintiff Aponte never received spread of hours pay on days that she worked more than ten

(10) hours.

24. Defendant Amedeo was Plaintiff Aponte's direct manager and directed her work on a daily basis.

25. Defendant Amedeo would often sexually harass Plaintiff Aponte and make the work environment extremely hostile for her.

26. Defendant Amedeo once mentioned at the Christmas party that "he would like to eat Nancy for dinner." He said this in front of all the employees. Upon information and belief, this was a reference to performing oral sex on Plaintiff Amedeo.

27. More than once Defendant Amedeo has expressed to Plaintiff Aponte that he wanted to have sexual intercourse with her and how "horny" she makes him feel.

28. Whenever Plaintiff Aponte walked into the restaurant at the start of her shift, Defendant Amedeo would frequently tell her how pretty she is and how "horny" she makes him.

29. Defendant Amedeo would often express to the other co-workers how much he misses seeing Plaintiff Aponte when she did not work, implying sexual motivations.

30. Defendant Amedeo once told Plaintiff Aponte that "although he is married in Italy, he would like Nancy to be his woman in America." Upon information and belief this was a request to engage in a sexual relationship with Plaintiff Aponte.

31. On Fridays, when the restaurant would receive wine delivery, it was Plaintiff Aponte's job to place the wine in designated shelves on the wall. To do this, Plaintiff Aponte would stand on a chair. While Plaintiff Aponte would complete this task, Defendant Amedeo would frequently touch and grab her behind her legs and her back, sexually assaulting Plaintiff Aponte.

32. Defendant Alexander Lyudmir who also goes by "Bugsy" in the restaurant.

33. Defendant Lyudmir was very disrespectful towards the other employees and would often send

threatening messages to directly to Plaintiff Marques's phone.

34. Defendant Lyudmir's would verbally abuse the staff and always curse at them, belittling them.

35. Defendant Lyudmir threats consisted of him telling his fellow employee's they're making "shitty product" thus "ruining" his business, always threatening to fire them and some signs of wanting to be physically abusive.

36. Defendant Lyudmir would frequently take tips from Plaintiff Aponte, using it to buy marijuana or simply to take home himself.

37. Plaintiff Aponte stopped working for Defendants on February 14, 2019.

38. Plaintiff Marques is a homosexual male.

39. Plaintiff Marques was hired by Defendants in or around August of 2015 as a cashier.

40. Plaintiff Marques worked approximately seventy (70) hours a week but was only receiving $9.00 an hour.

41. Throughout Plaintiff Marques's employment with Defendants, his work product was excellent.

42. Plaintiff Marques would work from 4:00 pm to 12:00 am Monday through Thursday, from 12:00 pm to 1:00 am on Friday and Saturday, and from 12:00 pm to 12:00 am on Sunday.

43. Plaintiff Marques never received any overtime pay or spread of hours.

44. As time went on Plaintiff Marques "cashier" title soon had many tasks of a manager, such as paying invoices, creating schedules, bank deposits, and purchasing restaurant supplies.

45. Defendant Amedeo and Defendant Taormina would always make fun of Plaintiff Marques' sexual orientation.

46. Defendant Amedeo would frequently tell Plaintiff Marques's male co-workers to "watch out" or "be careful" because Marques liked men and he would like to have sex with his fellow co-workers.

47. If there were male customers present, Defendant Amedeo and Defendant Taormina would ask Plaintiff Marques if he wanted to have sex with them or date them.

48. Defendant Taormina would make it impossible for Plaintiff to complete his work tasks as he would make sexual and homophobic comments about him in the kitchen to the other staff.

49. Defendant Taormina would torture Plaintiff Marques, harassing him on a daily basis about his sexual orientation and belittling and berating him on account of his sexual orientation.

50. Defendant Taormina's actions were done maliciously and with intent to damage Plaintiff Marques.

51. This harassment made Plaintiff Marques feel extremely uncomfortable and mistreated by his manager.

52. Defendant Amedeo would always take from the tip jar and keep it for himself.

53. Defendants Amedeo and Taormina always took money out from the tip jar and used it to pay for the employees weekly pay, tips were stolen from Plaintiffs and then given back as pay.

54. This tip theft was an illegal deduction and violation of the FLSA and NYLL.

55. Defendants never kept track of how many hours Plaintiffs worked.

56. Defendants never paid an hourly rate to the Plaintiffs.

57. Defendants never provided wage statements or wage notices to Plaintiffs.

58. Defendants' violations of the FLSA and NYLL were done with knowledge of the law and with full understanding that this policy violated the law.

59. Defendants are and were employers under the FLSA and NYLL as they control the work performed by individuals who suffered under their violation of the law, made the decision to specifically violate the law and have an ownership stake in the company. As such, Defendants are jointly and severally liable for the wage and hour violations detailed herein.

60. Plaintiffs were not provided accurate and truthful wage statements and notices which

complied with New York Labor Law § 190 *et seq* during their employment.

61. Defendants also caused Plaintiffs to suffer severe emotional distress due to the harassment, discrimination, assault, and other acts which occurred due to Plaintiff Aponte's gender and engaging in protected activities and Plaintiff Marques's sexual orientation and engaging in protected activities.

### AS A FIRST CAUSE OF ACTION
### VIOLATION OF THE FAIR LABOR STANDARDS ACT

62. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

63. Defendants willfully employed Plaintiffs in the afore-mentioned enterprise and failed to compensate Plaintiffs for all hours worked during their employment.

64. Defendants failed to pay any wages for hours worked by Plaintiffs as described herein and as is required by the FLSA.

65. Further, the average hourly rate for Plaintiffs was below the minimum wage when considering the numerous hours for which they were not compensated.

66. Defendants also failed to provide the overtime premium rate of one and a half times their regular hourly rate as is required by the FLSA.

67. Defendants stole tips from Plaintiffs in violation of the FLSA.

68. Defendants' failure to comply with the FLSA caused Plaintiffs to suffer loss of wages and other damages as described and demanded herein.

### AS A SECOND CAUSE OF ACTION
### VIOLATION OF NEW YORK LABOR LAW

69. Class Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

70. Class Plaintiffs were employees of Defendants within the meaning of New York Wage

Regulations (NYCRR Labor Section 138 et seq.).

71. Defendants' failure to comply with the New York Labor Law minimum wage protections caused Class Plaintiffs to suffer loss of wages and interest thereon.

72. Defendants' failure to pay proper wages for each hour worked was willful.

73. Defendants also failed to pay overtime pay as is required by the New York Labor Law.

74. Defendants also failed to provide tips paid by clients which were to be delivered to Plaintiffs but were not.

75. Defendants withheld money from the tips from Plaintiffs' pay without legal right or justification.

76. Defendants failed to pay spread of hours pay as required by the New York Labor Law.

77. On account of such violations, Defendants are liable to Plaintiffs for actual, statutory and liquidated damages.

## AS A THIRD CAUSE OF ACTION FOR
## VIOLATION OF NEW YORK LABOR LAW (wage notice and statement)

78. Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

79. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§ 190 et seq., including §§ 191, 193, 195, 198 and the applicable regulations thereunder.

80. At all times relevant herein, defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the notice(s) required by NYLL 195(1) – Plaintiffs are therefore entitled to and seek to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-b).

81. At all times relevant herein, Defendants, individually and/or jointly, failed and willfully failed to provide Plaintiff with the statement(s) required by NYLL 195(3) – Plaintiffs are

8

therefore entitled to and seeks to recover in this action the maximum recovery for this violation, plus attorneys' fees and costs pursuant to NYLL 198 including NYLL 198(1-d)

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER TITLE VII
## (AGAINST DEFENDANT RIZZO'S ONLY)

82. Plaintiff Aponte repeats and realleges each and every allegation made in the above paragraphs of this complaint.

83. Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because [s]he has opposed any practice made an unlawful employment practice by this subchapter, or because [s]he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

84. This claim is authorized and instituted pursuant to the provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. Section(s) 2000e *et seq.*, for relief based upon the unlawful employment practices of the above-named Defendants.

85. Plaintiff Aponte complains of Defendants' violation of Title VII's prohibition against discrimination in employment based, in whole or in part, upon an employee's gender (sexual harassment).

86. Defendants engaged in unlawful employment practices prohibited by 42 U.S.C. §2000e et seq., by discriminating against Plaintiff Aponte because of her gender (female).

87. Defendants engaged in unlawful employment practice prohibited by 42 U.S.C. §2000e *et seq.* by discriminating against Plaintiff with respect to the terms, conditions or privileges of employment because of their opposition to the unlawful employment practices of Defendants.

## AS A FIFTH CAUSE OF ACTION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

88. Plaintiffs repeat, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

89. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, **gender,** disability, marital status, **sexual orientation** or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

90. Defendants violated the section cited herein as set forth.

## JURY DEMAND

91. Plaintiffs demand a trial by jury.

   **WHEREFORE**, Plaintiffs demand judgment against the Defendants:

A. Awarding all wages not paid and damages due as required under the FLSA and NYLL, plus liquidated damages under both the NYLL and the FLSA and interest;

B. Declaring that Defendants' policies and procedures violate the FLSA and NYLL;

C. Declaring that Defendants engaged in unlawful employment practices prohibited by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.;* the Family medical Leave Act, as codified, 29 U.S.C. § 2601 *et. seq.* and the New York City Administrative Code §8-107 *et. seq.*, in that Defendants sexually harassed, discriminated against, harassed, and retaliated against Plaintiffs on the basis of their gender, sexual orientation, and opposition to discriminatory actions;

D. Awarding damages to the Plaintiffs to otherwise make them whole for any losses suffered as a

10

result of such unlawful employment practices including emotional and compensatory damages;

E. Awarding Plaintiffs punitive damages;

F. Awarding Plaintiffs attorney's fees, costs, and expenses incurred in the prosecution of the action;

G. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Dated: Astoria, New York
      March 6, 2020

**THE ROSE LAW GROUP, PLLC**

Jesse C. Rose (JR-2409)
3109 Newtown Avenue
Suite 309
Astoria, New York 11102
PH: (718) 989-1864
Fax: (917) 831-4595