UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CASE #:1:20-cv-02037

―――――――――――――――――――――――X

NANCY APONTE;
     and

ANGELO GABRIEL ALVES MARQUES,

**ANSWER**

          PLAINTIFF(S),

  -against-

CLINTON STREET PIZZA, INC
d/b/a RIZZO'S FINE PIZZA;
FRANCESCO TAORMINA;
AMEDO ORLANDO; AND
ALEXANDER LYUDMIR

          DEFENDANT(S)

―――――――――――――――――――――――X

Upon reading the Complaint filed by Plaintiff(s), I, ALEXANDER LYUDMIR, ("Lyudmir") Answer the Complaint to the best of my knowledge, recollection and ability, under oath and under penalty of perjury. I affirm and attest that the Answer(s) provided herein are truthful and accurate to the best of my recollection and memory, and hereby undersign my name to this Answer at the end of this Answer as Acknowledged.

## PARTIES

1. I, ALEXANDER LYUDMIR, ("Lyudmir"), am the named defendant in the above caption.
2. I am proceeding as a *Pro Se* defendant, unrepresented by counsel.
3. I make this Answer of my own free will and without the benefit of counsel.
4. Clinton Street Pizza, Inc. ("Rizzo's") is a domestic New York State corporation duly registered with the New York State Secretary of State.
5. I was a founding member of the business, but have been estranged from the business since May 2019.
6. To the best of my knowledge and recollection, co-defendants Taormina and Orlando are co-owners of Rizzo's.
7. To the best of my knowledge and recollection, plaintiff Aponte is a former employee of Rizzo's.

1

8. To the best of my knowledge and recollection, plaintiff Marquez is a former employee of Rizzo's.
9. I also state that the address listed for me by the plaintiffs is incorrect. The address listed is that of the Rizzo's.
10. My address for all purposes and Process of Service is:

    Alexander Lyudmir
    458 Neptune Ave. Apt#7D
    Brooklyn, NY 11224

## HISTORY AND BACKGROUND

11. Rizzo's was established by myself and co-defendant, Francesco Taormina on or about February, 2014 by filing the requisite incorporation forms with the New York Secretary of State, co-defendant Amedo Orlando bought into partnership as a majority owner on or about October, 2017.
12. My ownership interest was as a minority shareholder without control over the Books & Records; bank account(s); or premises management decision making.
13. I also worked as a Manager of the two different sides of the physical location of Rizzo's (the pizza restaurant was physically separated from the bar area), as needed.
14. Parts of my management duties were to directly manage employees while they worked their shifts, work out shift schedule(s) to accommodate employees, assist them with their pay if there was a discrepancy, and ensure that the employees were able to speak with me in confidence. I was a shift manager.
15. I managed both plaintiffs, and was available to answer any questions from them, and I was their direct manager during their shift(s).
16. I have not been associated with, or a manager of Rizzo's since May 2019, and since that date I have had not access to the book & records; bank accounts; corporate documents; or any other function or operation of Rizzo's, and as such I do not have at my disposal any of the documents or

things necessary to Answer questions or address the specific Complaint(s) of the plaintiffs that are dependent on the books & records of the corporation.

17. My partners and I have had a falling out that alienated me from the business entirely in May 2019.
18. I contacted Rizzo's legal counsel, Mr. Castro, numerous times to seek a civil business settlement so I could be removed from the ownership of Rizzo's, even offering to surrender my interest. I was rebuffed, ignored and Mr. Castro took the side of Mr. Taormina & Mr. Orlando.
19. I sought legal counsel that sought to mediate the dispute my co-owners had with me, but again the discussion was futile.
20. I contacted the New York Secretary of State several times and asked how I could be removed from the company. I was told only my partners had to agree, or get a Judicial Order releasing me from the business.
21. I was in the process of initiating a lawsuit to extricate myself from Rizzo's and the co-defendants when this lawsuit was served upon me.
22. I have not set foot in the business, nor had any management or ownership involvement since being frozen-out of in May, 2019.
23. I was not permitted to be involved in the regulatory side of the business that was controlled by the co-defendants.
24. I was strictly a shift manager to the business.
25. I was cheated out of my ownership interest by the co-defendants.
26. I am not associated with the business or the co-defendants, we are not on civil terms, nor have I been involved in any aspect of the business of Rizzo's at any time. I was pushed aside right away.

## ANSWER

27. As for plaintiffs' paragraph ("pp.") number 1-4: It is acknowledged and agreed by me that plaintiffs' bring this action under the Code as stated in pp.1-4.

28. As for plaintiffs' paragraph ("pp.") number 5-6: I do not have the legal training or experience to state with specificity as to the truth or accuracy of the plaintiffs' claim in these pp's.

## IMPROPER VENUE

29. As for plaintiffs' paragraph ("pp.") number 7: Plaintiff's claim that the Venue for the Southern District Court is called for under 28 USC §1391(b) not valid or is otherwise an improper venue selection because the plaintiffs' claim is that Queens, New York is the defendants' residency, and within the Southern District of New York. This is false. Queens, New York is in the Eastern District of New York, and I, defendant Lyudmir, am a resident of Kings County (Brooklyn), New York, NOT Queens New York, and both Kings County and Queens County are located wholly within the Eastern District of New York for purposes of a Federal action to be brought and maintained.

30. 28 USC §1391(b) states in relevant part: Venue in General: A civil action may be brought in: (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located. As I am a resident and domicile of Kings County, New York, and to the best of my knowledge the other defendants are also outside the southern District Court's jurisdiction, this action must be dismissed for improper venue.

31. The right and proper venue for this matter is the New York State Supreme Court as none of the parties are NOT diverse under 28 U.S. Code § 1332: Diversity of Citizenship.

32. I, as a defendant, am entitled and have the Right to the proper venue for this matter to be heard and decided.

33. Therefore this action must be dismissed, without prejudice, and be refiled in the proper venue to comport with the Federal Rules of Civil Procedure ("FRCP").

## PROCEDURAL REQUIREMENTS

34. As for plaintiff's pp.8: I do not have any knowledge of the facts asserted in this paragraph. However, it must be noted that only plaintiff Aponte has met the procedural prerequisites for filing this action in Federal Court.
35. Plaintiff Marques has not, according to pp.8-9, filed any such complaint before or to the Equal Employment Opportunities Commission ("EEOC"), and therefore has not complied with the prerequisite requirements necessary to bring this action.
36. Therefore, it is demanded that plaintiff Marques be stopped from maintaining this action unless and until he has met the procedural prerequisites and requirements necessary to bring and maintain this action now before the Court.
37. As for plaintiffs' pp.10-16: I acknowledge the facts stated in these paragraphs as true and accurate to the best of my memory and recollection, reserving my right to amend my answer upon more complete information regarding specific times referred to in the plaintiffs' Complaint.

## MATERIAL FACTS

38. As for plaintiffs' pp.17: I acknowledge the facts stated in this paragraph as true and accurate to the best of my memory and recollection, reserving my right to amend my answer upon more complete information regarding specific times referred to in the plaintiffs' Complaint.
39. As for plaintiffs' pp.18: Plaintiff Aponte was never assigned to "attend the bar" as she was not hired for such duties; did not hold a valid New York State Liquor Authority Alcohol Training and Awareness Program (ATAP) certificate; and was not qualified to be a server of alcoholic beverages.
40. As for plaintiffs' pp.18: Plaintiff Aponte was hired as a Server, not a Manager, and as a server she had absolutely no duties concerning work "necessary to ensure the operation of the restaurant."
41. There was never any obligation or responsibility assigned to plaintiff Aponte

to ensure any aspect of the operations of the restaurant, her only duties pertained to her work assignment of serving patrons and cleaning up thereafter, not as an operations person or manager.

42. As for plaintiffs' pp.19: Plaintiff Aponte is not truthful. Her work ethic, reliability and performance was substandard, and she was often corrected in how she performed her Server duties; admonished for tardiness; and disciplined for misbehavior while on duty. Plaintiff Aponte was terminated from her position as a Server for Cause.

43. As for plaintiffs' pp.20: I deny this claim in part with a qualification. Plaintiff Aponte was not "scheduled" to work "at least" four shifts per week. The schedule was created more than a week in advance and reasonable accommodations were made for employees, including plaintiff Aponte, for days off to tend to child care, health care of family members and personal needs.

44. Plaintiff Aponte received the work schedule that was of her own choosing, she often sought the more active times of the restaurant's operations because it would generate more tip potential.

45. As for plaintiffs' pp.21: I do not have in my possession the business records to be able to accurately state if this paragraph is true and accurate in all respects.

46. As for plaintiffs' pp.22: Plaintiff Aponte never, to the best of my recollection and memory, was ever required to work until 2:00 in the a.m. following a shift.

47. The restaurant closed at midnight, and from every memory I can here and now recall, plaintiff Aponte left shortly thereafter, and never remained on-duty as an employee past this time. She did on many occasions stay in the restaurant after her shift, but that was a personal decision, where she cavorted, drank, ate and enjoyed the company of her colleagues.

48. As for plaintiffs' pp.23: I do not have in my possession the business records to be able to accurately state if this paragraph is true and accurate in all respects.

49. As for plaintiffs' pp.24: To the best of my recollection and memory, this statement is true, except at certain times Orlando was not present at Rizzo's for whatever reason, and at these times plaintiff Aponte was supervised by me, or the Manager on duty, whomever that was on a specific day.
50. As for plaintiffs' pp.25: To the best of my recollection and memory, this statement is false and untrue. I was present on numerous occasions when plaintiff Aponte and defendant Orlando were in the restaurant, and I cannot recall a single incident where sexual harassment occurred.
51. In addition, the claim of an "extremely" hostile work environment is nothing I witnessed or was made aware of by plaintiff Aponte. On all occasions, plaintiff Aponte was happy, jovial, friendly, joking and sharing personal details of her life, and built bonds of friendship with the Managers, staff and others. Never one (1) complaint.
52. Plaintiff Aponte never raised any issue of being harassed, annoyed or subject to unprofessional or inappropriate behavior by managers, staff or customers. As there are three (3) owner/managers, Aponte's opportunity to make a claim of harassment or pestering of any sort by any person, was available to her, had such an allegation come to my attention, it would have been addressed with speed, but not a single word was stated to me on any occasion about harassment, sexual or otherwise, was ever brought to me by Aponte or anyone else, either on her behalf or in consideration of her.
53. As for plaintiffs' pp.26: To the best of my recollection and memory, this statement is false and untrue. I was present at the Christmas Parties over the years, and unless plaintiff Aponte has a specific date and location of this alleged statement occurring, it is impossible to understand or address the allegation other than, as I state herein, I do not recall it occurring.
54. As for plaintiffs' pp.27-28: To the best of my recollection and memory, this statement is false and untrue. I was present at the restaurant over the years, and unless plaintiff Aponte has a specific date and location of this alleged statement occurring, it is impossible to understand or address the allegation other than, as I state herein, I do not recall it occurring.

55. As for plaintiffs' pp.29: This is a rank hearsay statement of an unnamed person(s) that by the allegation, plaintiff Aponte did not personally hear, witness or experience. Therefore it must be stricken as an unsworn statement by an anonymous person(s) and on a date(s), time(s) and context unknown to the plaintiff. Plaintiff Aponte cannot bring an allegation of sexual harassment for a matter she did not experience, and supposedly heard from an unnamed person(s).

56. The allegation in plaintiff's pp.29 does not meet the legal requirements for a sworn Complaint, and therefore must be stricken.

57. In addition, plaintiff's pp.29 implies that she can divine the operation of another mind by her statement "implying a sexual motive." Meaning that if the statement was in-fact made at some point in time, still unknown to the plaintiff, defendants and the Court, that plaintiff Aponte was able to read defendant Orlando's mind and understand the "true" context and meaning of the statement attributed to defendant. This is not sufficient for the makings of a Federal complaint, and MUST, as a matter of law, be stricken.

58. As for plaintiffs' pp.30: I do not have any information to state if this allegation is true or not. I was present during many occasions, and I never heard or heard of this statement being made.

59. As for plaintiffs' pp.31: I was present for the deliveries on many occasions. There was no set day for any specific delivery. We ordered wine and other supplies on an "as needed" basis, and these deliveries came according to a delivery schedule that was negotiated at that time of ordering. In addition, plaintiff Aponte did not have any duties at the Bar, as stated above herein.

60. As for plaintiffs' pp.32: I have been known by the nom de plume of "Bugsy" for many years, and acknowledge the truth of this statement.

61. As for plaintiffs' pp.33: The statement that I was "very disrespectful" to "others" is not a cause of action to be brought by persons who were not subject to the allegation. Plaintiff Marques does not state that I was "very disrespectful" to him, but to others. Therefore, it is not a cause of action that plaintiff Marques can bring since it is alleged behavior towards others and

not him.

62. Plaintiff Marques states in pp.33 that I would send "threatening messages directly to plaintiff Marques's phone." This is not true. I have in my possession each and every text message I sent to plaintiff Marques, and not a single one threatens him in a physical, unlawful or in any way whatsoever.

63. Plaintiff Marques does not state in pp.33 that he was subjected to "very disrespectful" treatment, but rather muddles and conflates his unsupported claim about other being disrespected in person, and then states he received [text] messages to his phone. This means, by definition, that he was not present and subject to any such "very disrespectful" treatment. Plaintiff Marques cannot, by law, take another person's supposed treatment and make it his own, nor can he carry the legal case for another. As plaintiff Marques, by his own statement in the Complaint, was not personally subjected to this "very disrespectful" treatment, whatever that means, he has no claim for such treatment before the Court and as such this allegation must be stricken.

64. Plaintiff Marques states in pp.34: "Defendant Lyudmir's would verbally abuse the staff and *always* (emphasis added) curse at them, belittle them." Again, plaintiff Marques is describing what he claims as an offence to others and not himself. He does not state that he was cursed at, verbally abused or belittled. He states it was directed towards "them" not himself. In addition, plaintiff Marques does not give any times, dates or other identifying reference points for these allegations.

65. Based on the statements of plaintiff Marques, this Court cannot entertain his complaint of verbal abuse, et al. because is another's claim, not his. As such, the claim in pp.34 MUST, as a matter of law, be stricken.

66. As for plaintiffs' pp.35: This claim is denied in its entirety. The claim seeks to besmirch me and attribute to me an unlawful act not complained of to law enforcement. I demand this paragraph be stricken as false and libelous.

67. As for plaintiffs' pp.36: I do not have in my possession the business records

to be able to accurately state if this paragraph is true and accurate.

68. As for plaintiffs' pp.37: I do not have any information to attest if this statement is true or false.

69. As for plaintiffs' pp.38: I do not have in my possession the business records to be able to accurately state if this paragraph is true and accurate.

70. As for plaintiffs' pp.39: I do not have in my possession the business records to be able to accurately state if this paragraph is true and accurate.

71. As for plaintiffs' pp.40: I do not have in my possession the business records to be able to accurately state if this paragraph is true and accurate.

72. As for plaintiffs' pp.41: Plaintiff Marques is not truthful. His work ethic, reliability and performance was substandard, and he was often corrected in how he performed his duties; admonished for tardiness; and disciplined for misbehavior while on duty. Plaintiff Marques was terminated from his position for Cause.

73. As for plaintiffs' pp.42-43: I do not have in my possession the business records to be able to accurately state if this paragraph is true and accurate.

74. As for plaintiffs' pp.44: This is not true. Plaintiff Marques was a cashier and had no other duties. He certainly was never a manager, nor was he assigned "managerial" duties.

75. As for plaintiffs' pp.45-54: I do not have any knowledge of this, but in my presence defendant Taormina was always respectful, friendly and professional with plaintiff Marques. I am not aware of the claims made in this pp.

76. As for plaintiffs' pp.55-60: I do not have in my possession the business records to be able to accurately state if this paragraph is true and accurate.

77. As for plaintiffs' pp.61: I do not have in my possession any information to be able to accurately state if this paragraph is true and accurate.

78. As for plaintiffs' pp.62-68: I do not have in my possession any information to be able to accurately state if this paragraph is true and accurate.

79. As for plaintiffs' pp.69-71: Plaintiffs claim they are a "Class" and should receive the benefits of Class status, as they have not applied for Class

status, nor qualify under the FRCP, which states in relevant part:

> ➢ For parties to be joined as a Class, they must have similar the court finds that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. The matters pertinent to these findings include:
>
> (A) the class members' interests in individually controlling the prosecution or defense of separate actions;
>
> (B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
>
> (C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum;

It is clear from the pleadings that the plaintiff's have different claims and seek different remedy for their individual cases. Therefore, Under the FRCP they cannot call themselves a Class before the Court without the blessing of the Court. I respectfully request that the plaintiff's self-designation of being a Class under the law be stricken, and counsel for plaintiff's answer for this frivolous, incorrect and absurd claim of his clients having Class status for the purposes of the benefits of Class status.

80. As for plaintiff's pp.72-76: These are issues of fact to be determined at trial. There is no evidence of improper wage or inaccurate wage paid, and unless and until it is established with more than a mere allegation by disgruntled former employees, I deny the allegation.

81. As for plaintiff's pp.77: I am not an attorney, but I believe if damages are awarded, after trial, the "actual" and "statutory" are the same thing, so I am confused by plaintiff's counsel's use of redundant claims, and the demand for "liquidated" damages is redundant and frivolous claim that is unavailable to the plaintiff's as a matter of law.

### PLAINTIFFS' CLAIM DOES NOT MEET FEDERAL REQUIREMENTS

82. Finally, to maintain a matter, case or controversy in Federal Court requires

a minimum of $75,000.00 to be in dispute.

83. Plaintiff's have not made a specific claim of money or certified that the claim or controversy is in excess of $75,000.00.

84. If we take the plaintiff as true and accurate of their claim, they are hard pressed to a claim in excess of $75,000.00 because they are claiming less than a $5.00 per hour dispute for lost hourly wages, times 36 hours, times less than 105 weeks which equals $18,900.00 per plaintiff, or $37,800.00 in total. This means plaintiffs are then claiming to have lost more than $37,000.00 in tips, on top of the tips they collected, this is not believable by any stretch of the imagination.

85. Rizzo's failed as a business because of lack of patrons. There certainly was not tens of thousands of dollars of tips being left.

86. Therefore, plaintiff's Complaint must be dismissed as not meeting the $75,000.00 threshold required to gain entry to the Federal Courts.

87. As for plaintiff's pp.78-81: I do not have the knowledge or experience to state if the statements made in these paragraphs are true or not.

88. As for plaintiff's pp.82-85: I do not have the knowledge or experience to state if the statements made in these paragraphs are true or not.

89. As for plaintiff's pp.86: I deny in all respects this claim, plaintiff Aponte was hired and employed until terminated for Cause.

90. As for plaintiff's pp.87: Plaintiff was terminated for Cause, and there was no "unlawful employment practices" engaged in by me, or made known to me. I terminated plaintiff Aponte's employment because she was caught stealing, a fact proven by video camera catching her in the act.

91. As for plaintiff's pp.88-89: I do not have the knowledge or experience to state if the statements made in these paragraphs are true or not.

92. As for plaintiff's pp.90: I never discriminated against any employee, certainly not the plaintiffs.

## COMPLAINT IS NOT IN CONFORMITY WITH FRCP RULE 11

93. The Complaint as presented to the Court and served upon the defendants

is insufficient to be maintained in that is does not comport with the requirements as set forth in the FRCP Rule 11, which states in relevant part:

> ➢ Rule 11. Signing Pleadings, Motions, and Other Papers; Representations to the Court; Sanctions. (a) SIGNATURE. Every pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented. The paper must state the signer's address, e-mail address, and telephone number. Unless a rule or statute specifically states otherwise, a pleading need not be verified or accompanied by an affidavit. The court must strike an unsigned paper unless the omission is promptly corrected after being called to the attorney's or party's attention.

The pleadings as submitted do not contain the email address of the attorney or law firm, and there is no rule for this omission, and therefore the pleadings fail to meet the strict requirements as set forth in the FRCP, and as such must be dismissed, without prejudice.

94. The plaintiff(s) is the "Master of the Pleading", and as such [s]he *MUST* ensure the pleading conform, in all ways and respects, to the requirements in the FRCP, or face dismissal.

## SUMMONS AND COMPLAINT DIFFER AND ARE DEFECTIVE

95. Plaintiffs' Summons states the location of the defendants is:

17 Clinton Street

New York, NY 10002

For all four (4) defendants. However, the Complaint than states in pp.7 that "Venue is proper in this district [Southern District of New York] based on Defendants' residency within Queens County, State of New York, Within the Southern District of New York, 28 U.S.C. §1391(b)."

This statement by plaintiffs is defective in several respects: 1) The Summons states defendants' residency is 17 Clinton Street, New York, NY 10002, then in the

13

Complaint the plaintiffs state that the defendants residency is Queens County, New York. Both this statements cannot be true, they are not true, they are inconsistent with one another and this inconsistency, and a fundamental and fatal flaw to the plaintiffs' Summons & Complaint, and therefore the Summons & Complaint MUST, as a matter of black letter law, be dismissed; 2) The Summons & Complaint state the proper Venue for this action is the Southern District of New York, but then states the Southern District of New York is located wholly within the county of Queens, New York. This is flat out wrong, and a deception upon the Court, and therefore this Summons & Complaint must be dismissed.

**WHEREFORE,** As I am a Pro Se litigant, and not a trained lawyer, I humbly submit this Answer to the plaintiffs' Complaint. I sincerely apologize if I am not presenting my answer in the way an attorney would, I am not able to afford counsel for this matter. I believe I properly answered the plaintiffs' Complaint, and I believe I have raised significant and important issues, such as improper Venue; failure to meet statuary requirements; failure to have a case or controversy in excess of $75,000.00; and failure to comply with FRCP Rule 11, and I seek the dismissal of the plaintiffs' Complaint.

DATE:     AUGUST 18, 2020
              Brooklyn, NY

                                        Alexander Lyudmir
                                        Defendant
                                        458 Neptune Ave Apt# 7D
                                        Brooklyn, NY 11224
                                        Tel: 917-324-7800
                                        Email: Bugsny@gmail.com

TO:      The Rose Law Group, PLLC
Attorneys for the plaintiffs:
Nancy Aponte and Angelo Gabriel Alves Marques
31-09 Newtown Ave, suite 309
Astoria, NY 11102

Defendant:
Clinton Street Pizza Inc.
17 Clinton Street
New York, NY 10002

Defendant:
Francesco Taormina
c/o Clinton Street Pizza, Inc
17 Clinton Street
New York, NY 10002

Defendant:
Amedo Orlando
c/o Clinton Street Pizza, Inc
17 Clinton Street
New York, NY 10002

```
UNITED STATES DISTRICT COURT                                    CASE#:
SOUTHERN DISTRICT OF NEW YORK
                                              X                 1:20-cv-02037
NANCY APONTE;
           and
ANGELO GABRIEL ALVES MARQUES,
                      PALAINTIFF(S),

           -against-

CLINTON STREET PIZZA, INC                                       AFFIRMATION OF
d/b/a RIZZO'S FINE PIZZA;                                       SERVICE
FRANCESCO TAORMINA;
AMEDO ORLANDO; AND
ALEXANDER LYUDMIR
                      DEFENDANT(S)
                                              X
```

State of New York    )
                     )   ss.:
County of Kings )

ALEXANDER LYUDMIR, affirms the following under the penalty of perjury:

1. That deponent is the defendant in the above captioned matter; over 18 years of age; and a pro se litigant and party to the proceeding.

2. That on August 25th, 2020, deponent served a copy of the within Answer to the Complaint, and all supporting papers on:

Plaintiff's Attorney:
The Rose Law Group, PLLC
Attorneys for the plaintiffs:
Nancy Aponte and Angelo Gabriel Alves Marques
31-09 Newtown Ave, suite 309
Astoria, NY 11102

Defendant:                              Defendant:
Clinton Street Pizza Inc.               Francesco Taormina
17 Clinton Street                       17 Clinton Street
New York, NY 10002                      New York, NY 10002

Defendant:
Amedeo Orlando
17 Clinton Street
New York, NY 10002

The address designated by said defendant for the purpose of receiving such Notices and Service of Process; The mailing was effectuated by depositing a true copy of same enclosed ANSWER, and all supporting papers in a postage paid, addressed wrapper and all correct postage and deposited the same in to the custody of the United States Postal Service to be delivered First Class, to the address cited above, as service upon the defendant.

*[signature]*

Alexandar Lyudmir, Defendant
458 Neptune Ave Apt#7D
Brooklyn, NY 11224
Tel: 917-324-7800
EMAIL: Bugsny@gmail.com

-1-

```
UNITED STATES DISTRICT COURT                    CASE #:1:20-cv-02037
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
NANCY APONTE;
                and

ANGELO GABRIEL ALVES MARQUES,
                                                                                    ANSWER
                        PLAINTIFF(S),
        -against-

CLINTON STREET PIZZA, INC
d/b/a RIZZO'S FINE PIZZA;
FRANCESCO TAORMINA;
AMEDO ORLANDO; AND
ALEXANDER LYUDMIR
                        DEFENDANT(S)
```

========================================================================
## ANSWER
========================================================================

ALEXANDER LYUDMIR
PRO SE DEFENDANT
458 Neptune Ave. Apt #7D
Brooklyn, NY 11224
917-324-7800

========================================================================

| To: | PLAINTIFF'S ATTORNEY | Defendant: |
|---|---|---|
| | Atorneys for the plaintiffs: | Clinton Street Pizza Inc. |
| | Nancy Aponte and | |
| | Angelo Gabriel Alves Marques | |
| | The Rose Law Group, PLLC | 17 Clinton Street |
| | 31-09 Newtown Ave. Suite 309 | New York, NY 10002 |
| | Astoria, NY 11102 | |
| | | |
| | Francesco Taormina | Amedeo Orlando |
| | 17 Clinton Street | 17 Clinton Street |
| | New York, NY 10002 | New York, NY 10002 |

Service of a copy of the
Within is hereby admitted.
     Dated: _____, 2020

Attorney for: _____
========================================================================
PLEASE TAKE NOTICE:

NOTICE OF ENTRY                         that the within is a (certified) true copy of a
                                        Duly entered in the
                                        office of the clerk
of the within named                     court on _____, 2020

NOTICE OF SETTLEMENT
That an order     of which the within is a true copy will be presented for settlement to the HON.
one of the judges of the within named Court, at                          on _____ 2020 at
Dated:
                        Yours, etc.
                        ALEXANDER LYUDMIR

                        *[signature]*