UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X

NANCY APONTE and ANGELO GABRIEL
ALVES MARQUES,

                            Plaintiffs,

                -against-

CLINTON STREET PIZZA INC. d/b/a
RIZZO'S FINE PIZZA, FRANCESCO
TAORMINA, *individually*, AMEDEO
ORLANDO, *individually*, and ALEXANDER
LYUDMIR, *individually*,

                            Defendants.
-----------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __05/17/21_____

20-CV-2037 (KMW)

**OPINION & ORDER**

KIMBA M. WOOD, United States District Judge:

      Plaintiffs Nancy Aponte ("Aponte") and Angelo Gabriel Alves Marques ("Gabriel") (collectively, "Plaintiffs") have brought suit against their former employers, restaurant Clinton Street Pizza, Inc. ("CSP") and three individuals, Francesco Taormina ("Taormina"), Amedeo Orlando ("Orlando"), and Alexander Lyudmir ("Lyudmir") (collectively, "Defendants"), who are the alleged owners and managers of the restaurant. Plaintiffs bring claims pursuant to the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"), seeking unpaid wages and overtime. Plaintiffs also seek relief, pursuant to both federal law and the New York City Administrative Code, to redress injuries resulting from alleged discrimination and harassment on the basis of gender and sexual orientation.

      Only Defendant Lyudmir, proceeding *pro se*, has appeared in this action; Orlando has not been served with the Complaint, and CSP and Taormina have defaulted. Plaintiffs now seek to enter default judgment against CSP and Taormina.

      For the reasons set forth below, Plaintiffs' application for default judgment as to Defendants CSP and Taormina is DENIED.

## BACKGROUND

Aponte was employed as a server at CSP from June 2014 to February 2019. (Compl. ¶¶ 17, 37.) Gabriel was employed as cashier from August 2015 to February 2019. (Compl. ¶ 39; *See* Gabriel Aff. ¶ 11, Pls.' Affirmation Ex. A, ECF No. 25.) On March 6, 2020, having left their respective positions, Aponte and Gabriel filed a complaint against CSP, Taormina, Orlando, and Lyudmir. (ECF No. 1.)

Plaintiffs assert two sets of claims. First, they allege that Defendants violated federal and state law when they failed to compensate them for all hours worked; failed to pay overtime; stole tips; and failed to provide required wage notices and statements. (Compl. ¶¶ 62-81 (Counts I-III).) Second, Plaintiffs allege that Defendants violated federal and New York City law by discriminating against Aponte and Gabriel on the basis of gender and sexual orientation, respectively. (Compl. ¶¶ 82-90 (Counts IV-V).) Plaintiffs seek compensatory and punitive damages, declaratory relief, and costs. (Compl. ¶ 91.[1])

Since the filing of the Complaint, only one Defendant has entered an appearance. CSP and Taormina each were served on July 7, 2020 (ECF Nos. 9-10), but neither has appeared. Orlando has not been served and, to Plaintiffs' knowledge, is outside the United States. (*See* Let. at 1, ECF No. 13). Lyudmir has appeared, *pro se*, and filed an answer on August 25, 2020. (ECF No. 15.) Among other things, Lyudmir claims that he has been estranged from CSP since May 2019, that he does not possess company documents, books, or records, and that Plaintiffs'

---

[1] The Complaint references injunctive relief with respect to the harassment claims. (*See* Compl. ¶¶ 3-4.) It is not clear what injunctive relief Plaintiffs seek, however, because they stopped working at CSP in early 2019.

2

allegations of harassment are unfounded. (*See* Lyudmir Ans. ¶¶ 5, 10, 35, 50, 62-64.[2])

After CSP and Taormina failed to appear, Plaintiffs requested the entry of Certificates of Default against each of them. On September 8, 2020, the Clerk of Court issued those certificates. (ECF Nos. 22, 23.) On September 14, Plaintiffs filed an application seeking default judgment against CSP and Taormina. (ECF No. 24-26.[3]) Plaintiffs seek judgments of approximately $350,000 against each of CSP and Taormina; this amount is based on alleged wage-related damages in addition to "emotional damages" associated with Plaintiffs' allegations of harassment. (Pls.' Affirmation ¶¶ 63-69.)

On November 23, 2020, the Court ordered Defendants CSP and Taormina to show cause by January 4, 2021, in writing, why default judgment should not be entered against each of them. (ECF No. 27.) Neither CSP nor Taormina has responded to the Order to show cause.

## LEGAL STANDARD

Rule 55 of the Federal Rules of Civil Procedure sets forth a two-step procedure for entering default judgment. First, when a party against whom a judgment for relief is sought has failed to plead or "otherwise defend," the clerk must enter the party's default. Fed. R. Civ. P. 55(a). This step "formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *City of N.Y. v Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011). Second, the party seeking relief "must apply to the court for

---

[2] Lyudmir also states that the action should be dismissed for improper venue. (Lyudmir Ans. ¶¶ 29-30.) This allegation stems from a contradiction in the Complaint, in which Plaintiffs allege that venue is proper based on Defendants' residency within Queen's County, which is in fact in the Eastern District of New York. Because CSP is located in Manhattan, however, venue is proper in the Southern District because it is the district in which "a substantial part of the events . . . giving rise to the claim occurred." 28 U.S. Code § 1391(b)(2); *see* Compl. ¶ 13.

[3] Because Plaintiffs' application explicitly requests entry of default judgment, and because it complies with the requirements of Local Rule 55.2, the Court construes the submission as a motion for default judgment. (*See* Pls.' Affirmation ¶ 74.) In addition, Plaintiffs complied with Magistrate Judge Moses's order to seek entry of Certificates of Default before September 1, 2020, and then submitted the application for default judgment the day before the deadline set by Magistrate Judge Moses for filing a motion for default judgment. (*See* ECF No. 14.)

a default judgment." Fed. R. Civ. P. 55(b)(2). This step "converts the defendant's admission of liability into a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled." *Mickalis*, 645 F.3d at 128.

Before entering default judgment, however, a court must ensure that the factual allegations provide a proper basis for liability. The court deems all well-pleaded factual allegations in the complaint to be admitted and considers whether these facts support a legitimate cause of action. *Id.* at 137; *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 108 (2d Cir. 1997). Default judgment is inappropriate when a plaintiff fails to state a cause of action. *See Young-Flynn v. Wright*, 2007 WL 241332, at *24 (S.D.N.Y., Jan. 26, 2007) (Kaplan, J.) (collecting cases).

## DISCUSSION

The Court addresses Plaintiffs' two sets of claims separately. In each instance, as explained further below, Plaintiffs have failed to establish a proper basis for liability with respect to their federal law claims. Because the federal law claims, as pleaded, cannot be sustained, the Court declines to exercise supplemental jurisdiction over Plaintiffs' non-federal claims.

### I. Wage-Related Claims

Plaintiffs' first set of claims relate to alleged violations of wage and overtime laws. As explained below, the Court finds that Plaintiffs have not asserted a proper basis for liability pursuant to FLSA. With that claim thus dismissed, the Court declines to exercise supplemental jurisdiction over the NYLL claims. *See* 28 U.S.C. § 1367(c)(3).

#### A. *Federal Law Claim Pursuant to FLSA (Count One)*

Count One alleges that Defendants violated FLSA by failing to compensate Plaintiffs for all hours worked; failing to pay overtime; and stealing tips. (Compl. ¶¶ 62-68.) The Complaint does not, however, establish a basis for relief.

In order to be "covered" by FLSA, an employee must be either (1) employed in an enterprise engaged in interstate commerce or in the production of goods for interstate commerce, which is referred to as "enterprise coverage," or (2) personally engaged in interstate commerce or in the production of goods for interstate commerce, which is referred to as "individual coverage." 29 U.S.C. §§ 206(a), 207(a)(1); *see Vasquez v. NS Luxury Limousine Service, Ltd.*, 2021 WL 1226567, at *9 (S.D.N.Y. Mar. 31, 2021) (Nathan, J.).

With respect to enterprise coverage, a business may be "engaged in commerce" when it has employees "handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce" and when its "annual gross volume of sales made or business done is not less than $500,000." 29 U.S.C. § 203(s)(1)(A). The Complaint, however, makes no mention of interstate commerce, nor of Defendants' gross sales. Although the Complaint does describe Defendants as operating an "enterprise," that conclusory statement alone is insufficient. *See Day An Zhang v. L.G. Apparel, Inc.*, 2011 WL 900183, at *2 (E.D.N.Y. Feb. 18, 2011) (recommending denial of a default judgment motion when the complaint alleged, in conclusory terms, that defendants were "enterprises" subject to FLSA), *report and recommendation adopted*, 2011 WL 900950 (E.D.N.Y. Mar. 15, 2011).[4]

With respect to individual coverage, the Complaint is similarly flawed. There are no facts to indicate that Plaintiffs, as server and cashier, performed work relating to "the movement of persons or things . . . among the several States or between any State and any place outside thereof." *See* 29 C.F.R. §§ 779.103, 779.104; *Zhao v. Ke Zhang Inc.*, 2021 WL 1210369, at *3

---

[4] Some district courts have held that it is reasonable to infer that any restaurant employs workers "who handle materials that have traveled in interstate commerce," and that at least some ingredients or materials "originate[] out of state." *See, e.g.*, *Cabrera v. Canela*, 412 F. Supp. 3d 167, 174 (E.D.N.Y. 2019). The Court declines to make such inferences here. *See Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 85-86 (E.D.N.Y. Sept. 24, 2012) ("[I]nferring an interstate commerce nexus from nothing more than the general description of an employer's business—however likely the conclusion may seem—is in tension with both the presumption against default and the purpose of [Federal Rule] 55.").

5

(E.D.N.Y. Mar. 31, 2021) (noting that activities merely affecting or indirectly relating to interstate commerce are insufficient to establish individual coverage).

Accordingly, the Complaint fails as a threshold matter to establish that Plaintiffs are covered by FLSA. The application for default judgment with respect to Count One is denied without prejudice.

### B. State Law Claims Pursuant to NYLL (Counts Two and Three)

Plaintiffs also bring two counts based on state law claims. Count Two alleges that Defendants violated NYLL by failing to comply with minimum wage regulations; failing to pay overtime; and withholding money from tips. (Compl. ¶¶ 69-77.) These allegations mirror the FLSA claims. Count Three alleges that Defendants violated NYLL by failing to provide Plaintiffs with the required wage notices and statements. (Compl. ¶¶ 78-81.)

In light of the dismissal of Plaintiffs' FLSA claims, however, the NYLL claims face a jurisdictional challenge. A district court "may decline to exercise supplemental jurisdiction" if it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In general, in the Second Circuit, when federal claims are dismissed, the state law claims also should be dismissed. *In re Merrill Lynch Ltd. Partnerships Litig.*, 154 F.3d 56, 61 (2d Cir. 1998); *see also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining jurisdiction over the remaining state-law claims."). Accordingly, the Court declines to exercise supplemental jurisdiction over Plaintiffs' NYLL claims. *See Kaplan v. Wings of Hope Residence, Inc.*, 2020 WL 616630, at *12 (E.D.N.Y. Feb. 7, 2020) (collecting

cases).[5]

In light of the above, the application for default judgment with respect to Counts Two and Three is denied without prejudice.

## II. Harassment-Related Claims

Plaintiffs' second set of allegations relates to sexual harassment—against Aponte on the basis of gender, and against Gabriel on the basis of sexual orientation—pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII") and the New York City Human Rights Law ("NYCHRL"). These allegations, however, suffer from a similar defect as the wage-related claims. Plaintiffs have failed to establish a proper basis for liability pursuant to federal law, and the Court declines to exercise supplemental jurisdiction over the city law claim.

### A. Federal Law Claim Pursuant to Title VII (Count Four)

Count Four alleges that CSP violated Title VII by discriminating against Aponte on the basis of her gender. (Compl. ¶¶ 82-87.) Count Four contains no allegations by Gabriel. In addition, Count Four names only CSP; individuals are not subject to liability pursuant to Title VII. *See Raspardo v. Carlone*, 770 F.3d 97, 113 (2d Cir. 2014).

The Complaint fails to plead an essential element of a Title VII claim. Title VII applies to employers who have "fifteen or more employees." *See* 42 U.S.C. § 2000e(b); *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 504 (2006) (stating that "the employee-numerosity requirement" relates to the "substantive adequacy" of a Title VII claim). The Complaint contains no facts regarding CSP's number of employees and, consequently, fails to state a claim pursuant to Title VII. *See Suarez Castaneda v. F&R Cleaning Servs. Corp.*, 2019 WL 5694118, at *14 (E.D.N.Y. Mar. 15, 2019), *report and recommendation adopted*, 2019 WL 5693768 (E.D.N.Y. July 8,

---

[5] Although Defendant Lyudmir's liability is not presently before the Court, Plaintiffs' corresponding claims against Lyudmir on Counts One, Two, and Three suffer the same deficiencies and thus would be subject to dismissal on the same basis.

7

2019) (recommending denial of default judgment when plaintiffs failed to plead that the corporate defendant had fifteen or more employees). In addition, the application for default judgment does not mention Title VII claims at all, so it is unclear to what extent Plaintiff wishes to pursue such claims. (*See* Pls.' Affirmation at 3-11.)

The Court notes also that it is not clear that Aponte has exhausted her administrative remedies with the Equal Employment Opportunity Commission ("EEOC"). *See* 42 U.S.C. § 2000e-5(e); *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 82-83 (2d Cir. 2001) (internal quotation marks omitted) ("A plaintiff may bring an employment discrimination action under Title VII . . . only after filing a timely charge with the EEOC or with a State or local agency with authority to grant or seek relief from such practice."). The Complaint alleges that Aponte filed charges of discrimination with the EEOC and "has requested a Right to Sue letter," but does not allege that such a letter has been received. (*See* Compl. ¶¶ 8-9.)

This potential defect, however, is not fatal to the application for default judgment. Unlike Title VII's employee-numerosity requirement, the exhaustion requirement is not an element of Plaintiff's substantive claim, nor is it a jurisdictional requirement. *Hardaway v. Hartford Pub. Works Dep't*, 879 F.3d 486, 491 (2d Cir. 2018). Rather, exhaustion is a "precondition" to bringing employment discrimination claims in federal court. *See Legnani v. Alitalia Linee Aeree Italiane, S.P.A.*, 274 F.3d 683, 686 (2d Cir. 2001). Failure to exhaust thus "operates as an affirmative defense," and the burden of pleading and proving exhaustion lies with defendants. *Hardaway*, 879 F.3d at 491.

CSP, having been entirely unresponsive throughout this action, has willfully defaulted. In circumstances of willful default, district courts are not required *sua sponte* to raise affirmative defenses, which may be waived or forfeited. *LG Cap. Funding, LLC v. M Line Holdings, Inc.*,

422 F. Supp. 3d 739, 754-55 (E.D.N.Y. 2018) (citing *b.I.G.f.a.c.e. Ent., Inc. v. Young Money Ent., LLC*, 2016 WL 5092598, at *2 (S.D.N.Y. Sept. 19, 2016) (Swain, C.J.)).

In light of Aponte's failure to plead the elements of her Title VII claim, the application for default judgment with respect to Count Four is denied without prejudice.

### B. New York City Law Claim Pursuant to NYCHRL (Count Five)

Finally, Plaintiffs bring one city law claim. Count Five alleges that Defendants violated New York City Human Rights Law ("NYCHRL") by discriminating against Aponte and Gabriel on the basis of gender and sexual orientation, respectively. (Compl. ¶¶ 88-90.)

The jurisdictional analysis that applies to the FLSA and NYLL claims applies with equal force to the Title VII and NYCHRL claims. With Plaintiffs' Title VII claim dismissed, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' NYCHRL claim. *See* 28 U.S.C. § 1367(c)(3).[6]

Accordingly, Plaintiffs' application for default judgment with respect to Count Five is denied without prejudice.

### III. Leave to Amend

Because Plaintiffs' application for default judgment is denied without prejudice, the Court turns to the next steps in this litigation.

As an initial matter, the Court notes that, in actions where some defendants have defaulted but others have not, courts must be sensitive to the risk of inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that, when defendants may be jointly liable, courts should not enter default judgment against the defaulting defendant alone until the matter has been resolved against all defendants); 10A Wright & Miller § 2690 (4th ed. 2020).

---

[6] As with the wage-related claims, although Defendant Lyudmir's liability is not before the Court on the instant application for default judgment, Plaintiffs' corresponding claims against Lyudmir on Counts Four and Five suffer the same deficiencies and thus would be subject to dismissal on the same basis.

422 F. Supp. 3d 739, 754-55 (E.D.N.Y. 2018) (citing *b.I.G.f.a.c.e. Ent., Inc. v. Young Money Ent., LLC*, 2016 WL 5092598, at *2 (S.D.N.Y. Sept. 19, 2016) (Swain, C.J.)).

In light of Aponte's failure to plead the elements of her Title VII claim, the application for default judgment with respect to Count Four is denied without prejudice.

### B. New York City Law Claim Pursuant to NYCHRL (Count Five)

Finally, Plaintiffs bring one city law claim. Count Five alleges that Defendants violated New York City Human Rights Law ("NYCHRL") by discriminating against Aponte and Gabriel on the basis of gender and sexual orientation, respectively. (Compl. ¶¶ 88-90.)

The jurisdictional analysis that applies to the FLSA and NYLL claims applies with equal force to the Title VII and NYCHRL claims. With Plaintiffs' Title VII claim dismissed, the Court will decline to exercise supplemental jurisdiction over Plaintiffs' NYCHRL claim. *See* 28 U.S.C. § 1367(c)(3).[6]

Accordingly, Plaintiffs' application for default judgment with respect to Count Five is denied without prejudice.

### III. Leave to Amend

Because Plaintiffs' application for default judgment is denied without prejudice, the Court turns to the next steps in this litigation.

As an initial matter, the Court notes that, in actions where some defendants have defaulted but others have not, courts must be sensitive to the risk of inconsistent judgments. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872) (holding that, when defendants may be jointly liable, courts should not enter default judgment against the defaulting defendant alone until the matter has been resolved against all defendants); 10A Wright & Miller § 2690 (4th ed. 2020).

---

[6] As with the wage-related claims, although Defendant Lyudmir's liability is not before the Court on the instant application for default judgment, Plaintiffs' corresponding claims against Lyudmir on Counts Four and Five suffer the same deficiencies and thus would be subject to dismissal on the same basis.

If plaintiffs seek to impose joint and several liability, it would not be inconsistent to hold one defendant liable but not others. *See Farberware, Inc. v. Groben*, 1991 WL 123964, at *2-3 (S.D.N.Y. July 3, 1991) (Dolinger, M.J.); *see also Int'l Controls Corp. v. Vesco*, 535 F.2d 742, 746 n.4 (2d Cir. 1976) (discussing narrow application of *Frow*). For example, in a case involving allegations of joint and several liability for unpaid wages pursuant to FLSA, a corporate defendant could be adjudged liable as the statutory employer, but an individual defendant could be found to lack sufficient control to be considered an employer. *See, e.g.*, *Lemache v. Tunnel Taxi Mgmt., LLC*, 354 F. Supp. 3d 149, 153 (E.D.N.Y. 2019).

Courts faced with such situations have held that it is appropriate to enter default judgment against the defaulting defendants solely as to *liability*, but not as to the amount of damages owed. *See Miele v. Greyling*, 1995 WL 217554, at *3 (S.D.N.Y. Apr. 13, 1995) (Peck, M.J.); *Friedman v. Lawrence*, 1991 WL 206308, at *3, (S.D.N.Y. Oct. 2, 1991) (Dolinger, M.J.). Deferring a damages determination against any defaulting parties avoids inconsistency with any potential damages proceedings against the non-defaulting parties. *Friedman*, 1991 WL 206308, at *3. When the liability of the non-defaulting parties has been determined, the court may then consolidate the damages proceeding involving those parties with any damages hearing required for the defaulting parties, pursuant to Rule 55(b)(2). *Miele*, 1995 WL 217554, at *3. Such a consolidated proceeding helps to ensure consistent judgments and serves the interest of judicial economy.

Because Plaintiffs seek to impose joint and several liability on Defendants (*see* Compl. ¶ 59), the above principles are applicable in this case, and the Court is mindful both of the need to avoid inconsistent judgments and of Defendant Lyudmir's status as a *pro se* litigant. Accordingly, if Plaintiffs wish to proceed with this action, they must file a letter motion explaining how an amended complaint would state a claim that is consistent with this Opinion.

Plaintiffs shall append to the letter a draft proposed amended complaint, red-lined to show the changes from the Complaint.   The letter also must clarify whether Plaintiffs intend to continue to prosecute their claims as to Defendant Lyudmir; if so, Lyudmir will have an opportunity to respond to Plaintiffs' letter.   Finally, Plaintiffs must confirm whether they intend to prosecute their claims as to Defendant Orlando, who has neither appeared nor been served.

In the event that Plaintiffs are able to cure the pleading defects discussed herein, that Defendant Lyudmir continues to appear, and that Defendants CSP and Taormina remain in default, the Court ultimately may entertain a renewed application for default judgment as to CSP and Taormina.   But even if Plaintiffs are able to demonstrate proper bases for liability against CSP and Taormina, the Court will not make any damages determinations until proceedings involving Lyudmir have concluded, and Lyudmir's potential liability has been determined.

## CONCLUSION

For the above reasons, Plaintiffs' application for default judgment against Defendants CSP and Taormina is denied without prejudice.   It is further ORDERED that:

1. If Plaintiffs wish to proceed, they must file a letter, on or before May 24, 2021, explaining how an amended complaint would state a claim that is consistent with this Opinion.   Plaintiffs shall append to the letter a draft proposed amended complaint, red-lined to show the changes from the Complaint.   Plaintiffs also must clarify whether they intend to continue to prosecute their claims with respect to Defendants Lyudmir and Orlando.

2. Plaintiffs are directed to serve a copy of this Opinion on Defendants CSP, Taormina, and Lyudmir, and to file proof of service on the docket.   Plaintiffs will not be required to attempt to serve a copy of this Opinion on Orlando.

3. Plaintiffs are further directed to serve a copy on Defendant Lyudmir of any

submissions that they file, including attachments or exhibits, and to file proof of service on the docket.

SO ORDERED.

Dated: New York, New York
May 17, 2021

                                                     */s/ Kimba M. Wood*
                                                    KIMBA M. WOOD
                                        United States District Judge