```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
NANCY APONTE and ANGELO GABRIEL
ALVES MARQUES,

                        Plaintiffs,

        -against-

CLINTON STREET PIZZA INC. d/b/a
RIZZO'S FINE PIZZA, FRANCESCO
TAORMINA, individually, AMEDEO
ORLANDO, individually, and ALEXANDER
LYUDMIR, individually,

                        Defendants.
--------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: ___7/16/21_____

20-CV-2037 (KMW)
**ORDER**

KIMBA M. WOOD, United States District Judge:

On May 17, 2021, the Court denied Plaintiffs' application for default judgment and allowed Plaintiffs an opportunity to seek leave to amend the Complaint. On June 1, Plaintiffs filed a letter attaching a Proposed Amended Complaint. For the reasons set forth below, Plaintiffs' motion is GRANTED.

## BACKGROUND

On March 6, 2020, Plaintiffs filed suit against their former employers, restaurant Clinton Street Pizza, Inc. ("CSP") and three individuals, Francesco Taormina ("Taormina"), Amedeo Orlando ("Orlando"), and Alexander Lyudmir ("Lyudmir") (collectively, "Defendants"), the alleged owners and managers of the restaurant. (*See* ECF No. 1.) Plaintiffs asserted two sets of claims. First, they alleged that Defendants violated federal and state law when they failed to compensate them for all hours worked; failed to pay overtime; stole tips; and failed to provide required wage notices and statements. (Compl. ¶¶ 62-81.) Second, Plaintiffs alleged that Defendants violated federal and New York City law by discriminating against Plaintiffs on the basis of gender and sexual orientation. (Compl. ¶¶ 82-90.)

On September 8, 2020, the Clerk of Court entered certificates of default against Defendants CSP and Taormina, who had failed to appear. (ECF Nos. 22, 23.) Defendant Lyudmir had appeared *pro se* and filed an answer (ECF No. 15), and Defendant Orlando was believed to be overseas and had not been served with the Complaint. (*See* Let. at 1, ECF No. 13.) Plaintiffs then filed an application for default judgment against Defendants CSP and Taormina. (ECF Nos. 24-26.)

On May 17, 2021, the Court denied Plaintiffs' application, because the Complaint failed to state proper bases of relief pursuant to federal law. (ECF No. 29.) Because Plaintiffs had not adequately pled any federal claims, the Court declined to exercise supplemental jurisdiction over the remaining state and city law claims. (*See id.* at 4-9.) The Court did, however, allow Plaintiffs to file a letter motion if they wished to seek leave to amend. (*See id.* at 9-11.)

On June 1, 2021, Plaintiffs filed a letter clarifying that they wished to proceed with their claims against all four Defendants. (ECF No. 30.[1]) Plaintiffs also attached a Proposed Amended Complaint. (ECF No. 30, Ex. 1.) Defendant Lyudmir was afforded an opportunity to respond to Plaintiffs' letter, but he did not do so. Since the filing of Plaintiffs' letter, however, counsel has entered an appearance on behalf of Lyudmir. (ECF No. 36.) In addition, counsel have entered appearances on behalf of Defendant Taormina. (ECF Nos. 34, 35.)

## DISCUSSION

**I.     Leave to Amend**

Pursuant to Rule 15(a)(2), a party may amend its pleading with leave of the court. Fed. R. Civ. P. 15(a)(2). The court "should freely give leave when justice so requires." *Id.* As the

---

[1] Although the submission is styled on the docket as a "Letter," the Court construes the filing as a letter motion for leave to amend the Complaint.

2

Second Circuit has stated, courts should not deny leave to amend unless there is a "substantial reason" to do so, such as "excessive delay, prejudice to the opposing party, or futility." *Friedl v. City of New York*, 210 F.3d 79, 87 (2d Cir. 2000). Courts in this district have held that it is appropriate to deny leave to amend if the movant is guilty of undue delay or has acted in bad faith, or if the amendment would be futile or prejudice the opposing party. *See Williams v. Citigroup Inc.*, 659 F.3d 208, 213-14 (2d Cir. 2011) (per curiam).

In this case, there are no factors present that warrant denial of Plaintiffs' motion. First, there are no allegations that Plaintiffs have caused undue delay or acted in bad faith. Second, with respect to prejudicing an opposing party, the motion remains unopposed. In any event, discovery has not begun, and the Proposed Amended Complaint does not assert any new claims. Granting leave to amend thus would not require an opposing party to "expend significant additional resources to conduct discovery and prepare for trial," nor "significantly delay the resolution of the dispute." *Block v. First Blood Assocs.*, 988 F.2d 344, 350 (2d Cir. 1993). Finally, the proposed amendments are not futile. The Court's May 17, 2021 Opinion described several defects in the Complaint, such as the failure to make allegations regarding Defendants' annual gross sales (as required to assert claims pursuant to the Fair Labor Standards Act), and the Proposed Amended Complaint remedies such defects. (*See, e.g.*, Proposed Am. Compl. ¶ 17.)

In light of the above, the Court finds that Plaintiffs should freely be given leave to amend the Complaint and to file the Proposed Amended Complaint. *See* Fed. R. Civ. P. 15(a)(2).

The Court notes a concern relating to venue. As noted in the May 17, 2021 Opinion, Plaintiffs alleged that venue is proper based on Defendants' residency within Queen's County. However, Queens County is in fact in the *Eastern* District of New York. (*See* May 17, 2021 Op. at 3 n.2.) If venue is proper in this District, plaintiffs must assert the basis for that contention in the Amended Complaint. (*See* Proposed Am. Compl. ¶ 7.)

3

## II. Case Management and Discovery

When the Amended Complaint is filed, it will become the operative pleading and nullify the initial Complaint. *See Shannon v. Venettozzi*, 749 F. App'x 10, 13 (2d Cir. 2018) (quoting *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994)); *Rock v. AM. Exp. Travel Related Servs. Co.*, 2008 WL 5382340, at *1 (N.D.N.Y. Dec. 17, 2008). The Court thus turns to the next steps in this litigation.

Plaintiffs must file an Amended Complaint on or before July 23, 2021, and Plaintiffs must serve the Amended Complaint on Defendants CSP, Taormina, and Lyudmir. Plaintiffs have requested an additional 60 days in which to attempt to locate and serve Defendant Orlando, whom they believe to be overseas. (*See* Mot. at 1.) The request is granted. Plaintiff must file a status report regarding these efforts by September 23, 2021.

Defendants Lyudmir and Taormina must answer the Amended Complaint by August 6, 2021. To allow the litigation to proceed expeditiously, Plaintiffs are directed to meet and confer with Defendants Lyudmir and Taormina regarding a proposed schedule in this case. By August 13, 2021, the parties shall submit a joint letter, attaching a proposed Scheduling Order and Discovery Plan; models of each document are available on the Court's public website. To the extent that the parties disagree on any case management issues, they may set forth their respective positions in the joint letter.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for leave to amend the Complaint is GRANTED. It is hereby ORDERED that:

1. Plaintiffs must file an Amended Complaint by July 23, 2021.
2. Defendants Lyudmir and Taormina must answer the Amended Complaint by August 6, 2021.

3. The parties must file a joint letter, attaching a Proposed Scheduling Order and Discovery Plan, by August 13, 2021.

4. Plaintiffs must update the Court regarding their efforts to serve Defendant Orlando by September 23, 2021.

SO ORDERED.

Dated: New York, New York
      July 16, 2021

           */s/ Kimba M. Wood*
           KIMBA M. WOOD
           United States District Judge